IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


KENNETH P. DOYLE                )       CASE NO.  1:10CV2187
                                )
           Plaintiffs,          )
                                )       JUDGE PATRICIA A. GAUGHAN
       v.                       )
                                )
JUDGE PATRICK R. KELLEY, et al. )       MEMORANDUM OF OPINION
                                )       AND ORDER
           Defendants.          )


Plaintiff *pro se* Kenneth P. Doyle filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and 42 U.S.C. § 2000-3  against Judge Patrick R. Kelley, Attorney James F. Shannon and Cleveland Criminal Court.  Also before the Court are Plaintiff's Motions to Proceed *In Forma Pauperis* (ECF 2), Amend Pleadings of Violation of Constitutional and Civil Rights (ECF 3), for Summary Judgment (ECF 4) and for Injunctive Order (ECF 5). The Motions to  Proceed *In Forma Pauperis* and to Amend Pleadings of Violation of Constitutional and Civil Rights are granted. For the reasons that follow, the Motions for Summary Judgment and for Injunctive Order are denied and this action is dismissed pursuant to section 1915(e).

Although *pro  se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

On April 6, 2010, Plaintiff pled guilty to aggravated theft, R.C. 2913.02, in the Cuyahoga

County Common Pleas Court and was sentenced to jail for four days. *State of Ohio v. Doyle*, Case No. CR -10-534390. He alleges that Judge Kelley "filed journal entries pertaining to my charges and double booking in Traffic Divisions files as #CRA004098... The case numbers which conjunctively conclude malfeasant activities of both Judge's [sic]Kelley and S. Terry with assist from Attorney James J. Shannon are as follows Cr-10-534390 and BO-10-1049AF." Amended Compl. pg. 10. It is not clear how Plaintiff's criminal case and traffic court case are connected. Although not part of the Complaint, the Motion for Summary Judgment clarifies that he may be asserting double jeopardy with regard to the court bind-over and his common pleas court criminal case. Mt. for Sum. Judg. pg. 3. He seeks damages in the amount of $300,000.00

Plaintiff's Amended Complaint relates to his common pleas court criminal case. If he were to succeed on a double jeopardy claim or any due process claim, his criminal conviction would have to be vacated. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973).  In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id.* The rule applies even though Plaintiff may not be presently incarcerated.

Thus, absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009). The Court's ruling also applies to Attorney Shannon.

Although Judge Kelley, a common pleas court judge,  was not involved in Case No. CR-10-534390, the following applies to him.  It is well-established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). No facts have been alleged that reasonably suggest that defendant acted outside the scope of his official duties. Judge Kelley was definitely acting within the scope of his official duties in presiding over Plaintiff's court case.

Plaintiff cannot recover damages from a municipal court. A municipal court is not a suable entity and cannot be sued under § 1983. *Wise v. Steubenville Mun. Court,* 2008 WL 4849233, 2 (S.D.Ohio, Nov. 6, 2008).

Plaintiff includes 42 U.S.C. § 2000e-3 as a basis for the Court's jurisdiction. 42 U.S.C. § 2000e-3 provides:

> Nothing in this Act shall be construed to deny, impair, or otherwise affect any right or authority of the Attorney General or of the United States or any agency or officer thereof under existing law to institute or intervene in any action or proceeding.

No facts are alleged showing that this statute applies to this case.

Accordingly, Plaintiff's Motions to Proceed *In Forma Pauperis* and to Amend Pleadings of Violation of Constitutional and Civil Rights are  granted. (ECF 2, 3). The Motions for Summary Judgment (ECF 4) and for Injunctive Order (ECF 5) are denied. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

-3-

IT IS SO ORDERED.


Date:   11/12/10                                          /s/ Patricia A. Gaughan
                                                         JUDGE PATRICIA A. GAUGHAN
                                                         UNITED STATES DISTRICT JUDGE